#28302-a-GAS
**2018 S.D. 25**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

SHARI E. WINSLOW,                              Plaintiff and Appellant,

v.

FALL RIVER COUNTY,                              Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
FALL RIVER COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE RANDALL L. MACY
Retired Judge

* * * *

RODNEY C. LEFHOLZ
Rapid City, South Dakota                   Attorney for plaintiff
                                           and appellant.


DONALD P. KNUDSEN of
Gunderson, Palmer, Nelson,
  & Ashmore, LLP
Rapid City, South Dakota                   Attorneys for defendant
                                           and appellee.

* * * *

CONSIDERED ON BRIEFS
ON JANUARY 8, 2018
OPINION FILED **03/14/18**

#28302

SEVERSON, Justice

[¶1.]      Former Fall River County employee petitioned the Department of

Labor for a hearing on the County's alleged unfair labor practice.  The County

moved to dismiss the petition, asserting that the former employee's claim did not

allege an unfair labor practice.  The Department agreed and granted the County

summary judgment.  The circuit court affirmed the Department's order.  The

employee appeals.  We affirm.

## Background

[¶2.]      Fall River County and Laborers' Local Union 620 of the Laborer's

International Union of North America entered into a collective bargaining

agreement for employees of Fall River County.  The South Dakota Department of

Labor has certified the collective bargaining unit since 1972.  Shari Winslow, a legal

assistant to State's Attorney James Sword, was a member of the "Courthouse

Clerical and Office employee" collective bargaining unit.

[¶3.]      According to Winslow, in late 2015, Sword "began an intensive and

deliberate campaign to render [her] work environment intolerable."  Winslow

claimed that she attempted to resolve the issue informally with Sword by utilizing

the grievance procedure within the collective bargaining agreement.  The collective

bargaining agreement provides specific steps for all grievances:

> All grievances, by either party, shall be dealt with in the
> following steps: By informal conference between the grievant
> and his/her immediate supervisor.  If the employee should
> decide the attendance of his/her Steward or other Union
> representative is necessary, he/she shall first be required to
> notify his/her supervisor, in writing three (3) days in advance of
> the requested conference and the supervisor shall be privileged
> to designate a witness to also be present.

> (1) If the matter is unresolved under Step (1) above, the employee grievant or the supervisor, shall, within fourteen (14) days after either had or should have had notice of the matter or conduct giving rise to the grievance, serve a written grievance upon the Fall River County Auditor, with copies to the supervisor (in the case of an employee grievance), with the matter to be heard at the next scheduled meeting of the Fall River County Commissioners. The grievant shall be allowed to have a designated representative present and will further be privileged to present testimony and other evidence under such rules as shall be set by the Commissioners in advance of the hearing.
>
> (2) If no resolution of the grievance shall be achieved at Step (2), the grievant may, within thirty (30) days after the hearing under Step (2) appeal to the Department of Labor for a final resolution.

On December 10, 2015, Winslow submitted a letter to Fall River County Auditor Sue Ganje. The letter provided: "I would like to be added to the next Commissioners meeting to attend the Executive Session to formally file my grievance against the Fall River County State's Attorney, James G. Sword, due to the hostile work environment and discrimination that I am being subjected to." According to Winslow, County Auditor Ganje did not respond to Winslow's request.

[¶4.]　　　　Four months later, on April 1, 2016, Winslow resigned from her employment with the County. In her resignation letter, Winslow stated: "A grievance is being presented to the Commissioners, as well as formal complaints to the EEOC, the SD Department of Human Rights, the Attorney General's Office and the Division of Criminal Investigation for hostile work environment, sexual discrimination/harassment." On April 6, 2016, Winslow filed a formal grievance with County Auditor Ganje, alleging that she had "been subjected to a hostile work environment since November 2015[.]" Winslow indicated that she had suggested an

office meeting to resolve the issue but "got no response." She also claimed that a union representative "had made numerous attempts to contact the Union directly, and received no response." Winslow, therefore, requested "to be heard during Executive Session during the April 18, 2016 commissioners meeting."

[¶5.]        In a letter dated April 13, 2016, counsel for the County informed Winslow that the collective bargaining agreement is an agreement between the County and "public employees." Because Winslow was no longer an employee of the County, counsel informed her that "the provisions of the Collective Bargaining Agreement do not apply and there is no basis for conducting a grievance hearing before the Commission on April 18, 2016." Counsel informed Winslow that if she disagreed "with this conclusion," she could notify counsel of the reasons why she "believe[s she is] entitled to invoke the grievance provisions in the Collective Bargaining Agreement." Counsel also asked Winslow to "provide citations to any legal authorities [she] may have suggesting that the Commissioners' denial of [her] grievance request [was] inappropriate." The record contains no response by Winslow to counsel's letter.

[¶6.]        On June 13, 2016, the Union filed a petition on behalf of Winslow requesting a hearing on an unfair labor practice with the Department of Labor, Division of Labor and Management. The petition alleged:

> Within the past 60 days, Fall River County ("Respondent") has refused to follow the grievance procedure outlined in the Collective Bargaining Agreement . . . . This is a violation of SDCL 3-18-3.1, which defines "unfair labor practices of employers". . . . Petitioner filed a grievance claiming she was constructively discharged from her employment, a concept expressly confirmed by the South Dakota Supreme Court. . . . Respondent refused to grant petitioner a hearing. . . . Article 14

of the Collective Bargaining Agreement outlines the grievance procedure, stating that an employee grievant shall be granted a hearing in front of the Fall River County Commissioners. Respondent's refusal to grant Petitioner a hearing violates both Article 14 of the Collective Bargaining Agreement and SDCL 3-18-3.1.

The County answered and moved to dismiss Winslow's petition. The County asserted that because Winslow was not an employee at the time she filed her grievance, the County did not commit an unfair labor practice as defined by SDCL 3-18-3.1. Winslow responded and asserted that she must be considered an employee because she was constructively discharged. She reiterated that the County committed an unfair labor practice when it denied her the right to utilize the grievance procedure.

[¶7.] On December 29, 2016, the Department issued a letter decision and order. The Department reasoned that "Chapter 3-18 of the South Dakota Codified Law was designed and intended to provide the Department of Labor the ability to ensure a power balance between collective bargaining groups and their employers." The Department concluded that because "nothing in the current record indicates that Ms. Winslow's alleged treatment or constructive discharge was driven by an effort to undermine her collective bargaining power or due to her membership in a collective bargaining group the present issue does not fall under the Department of Labor's jurisdiction for Unfair Labor Practice." The Department granted the County summary judgment.

[¶8.] Winslow appealed the Department's order to the circuit court, asserting multiple issues. After a hearing and after reviewing the parties' briefs, exhibits, and affidavits, the circuit court "agree[d] with the rational proffered by the

Administrative Law Judge[.]" The court identified that "[j]urisdiction in administrative law differs from jurisdiction in a traditional court setting." *See Knapp v. Hamm & Phillips Serv. Co.*, 2012 S.D. 82, ¶ 12, 824 N.W.2d 785, 788-89. Jurisdiction in an administrative setting "has three components[.]" *Id.* The components include:

> (1) personal jurisdiction, referring to the agency's authority over the parties and intervenors involved in the proceedings; (2) subject matter jurisdiction, referring to the agency's power to hear and determine the causes of a general class of cases to which a particular case belongs; and (3) the agency's scope of authority under statute.

*Id.* (quoting *Martin v. Am. Colloid Co.*, 2011 S.D. 57, ¶ 10, 804 N.W.2d 65, 67-68). The circuit court found "that although the Department does have jurisdiction—generally—over SDCL 3-18-3.1 claims, [Winslow's] June 13, 2016, Petition for Hearing on Unfair Labor Practice, failed to state a claim within the statute and as such the Department lacks jurisdiction." The court further concluded that Winslow did not meet her burden of proving that the County committed an unfair labor practice and denied remand.

[¶9.]     Winslow appeals, asserting one issue: the circuit court erred when it held that the Department of Labor lacked jurisdiction to hear her claim.

### Analysis

[¶10.]     Winslow argues that as a member of the Union she "was guaranteed a hearing before the County Commissioners upon submission of a written grievance." She claims that the County's failure to hold the hearing violated the collective bargaining agreement. She further contends that the violation of the collective

bargaining agreement is an unfair labor practice because the County "interfered with and denied [her] a right guaranteed by law."

[¶11.]     The County responds that because Winslow's claim did not involve union issues, the circuit court correctly concluded that the Department did not have statutory authority to consider the merits of Winslow's petition. The County contends that the phrase "rights guaranteed by law" as used in SDCL 3-18-3.1(1) means rights guaranteed by the laws governing unfair labor practices, not the right to a hearing under the collective bargaining agreement. The County then directs this Court to SDCL 3-18-2, which describes public employees' rights related to labor organizations. The County also asserts that Winslow failed to cite authority for the proposition that the County's refusal to provide a grievance hearing to a *former* employee constitutes an unfair labor practice.

[¶12.]     The jurisdictional question in this case—the agency's scope of authority under a statute—is a question of law reviewed de novo. *Knapp*, 2012 S.D. 82, ¶ 11, 824 N.W.2d at 788. Similarly, we review questions of statutory interpretation de novo. *Moore v. Michelin Tire Co.*, 1999 S.D. 152, ¶ 16, 603 N.W.2d 513, 518. "[W]e adhere to two primary rules of statutory construction. The first rule is that the language expressed in the statute is the paramount consideration. The second rule is that if the words and phrases in the statute have plain meaning and effect, we should simply declare their meaning and not resort to statutory construction." *Goetz v. State*, 2001 S.D. 138, ¶ 15, 636 N.W.2d 675, 681.

[¶13.]     SDCL 3-18-3.1 provides:

It shall be an unfair practice for a public employer to:

(1) Interfere with, restrain, or coerce *employees in the exercise of rights guaranteed by law*;

(2) Dominate, interfere, or assist in the formation or administration of any employee organization, or contribute financial or other support to it; provided, an employer shall not be prohibited from permitting employees to confer with him during working hours without loss of time or pay;

(3) Discriminate in regard to hire or tenure or employment or any term or condition of employment to encourage or discourage membership in any employee organization;

(4) Discharge or otherwise discriminate against an employee because he has filed a complaint, affidavit, petition, or given any information or testimony under this chapter;

(5) Refuse to negotiate collectively in good faith with a formal representative; and

(6) Fail or refuse to comply with any provision of this chapter.

(Emphasis added.)

[¶14.] Winslow relies solely on subsection (1) as support for her claim that the County committed an unfair labor practice when it refused to hold a hearing, and therefore, the Department had statutory authority to consider her petition. Under the plain language of SDCL 3-18-3.1(1), an employer engages in an unfair practice if the employee is exercising a right guaranteed by *law* and the employer interferes with, restrains, or coerces the employee in the exercise of such right. Although the County did not hold a hearing on Winslow's grievance, Winslow directs us to no authority that the County's failure to hold this hearing was an unfair labor practice under the statute.

[¶15.] Winslow asserts "that SDCL 60-9-4 is a law that guarantees her the exercise of the rights provided in the collective bargaining agreement by SDCL 3-18-8." On the contrary, SDCL 60-9-4 provides for the enforcement of a collective bargaining agreement as *a contract*. And, here, Winslow's petition alleges *an unfair labor practice* under SDCL 3-18-3.1(1).

[¶16.] It is well established that as expressed in SDCL chapter 3-18, "South Dakota law provides public employees with the opportunity to collectively bargain with their employers." *Council on Higher Educ. v. S.D. Bd. of Regents*, 2002 S.D. 55, ¶ 7, 645 N.W.2d 240, 242; *accord Bon Homme Cty. Comm'n v. Am. Fed'n of State, Cty., and Mun. Emps., Local 1743A*, 2005 S.D. 76, ¶ 13, 699 N.W.2d 441, 448. SDCL 3-18-3 "requires public employers to negotiate matters of pay, wages, hours of employment, or other conditions of employment." *Sisseton Educ. Ass'n v. Sisseton Sch. Dist. No. 54-8*, 516 N.W.2d 301, 303 (S.D. 1994). Under SDCL 3-18-3.1(1), it is an unfair labor practice for an employer to interfere with or restrain an employee's exercise of these rights. But Winslow's petition to the Department asserted that the County failed to follow the collective bargaining agreement. Because Winslow did not allege an unfair labor practice, the circuit court did not err when it affirmed the Department's dismissal of Winslow's petition.

[¶17.] Affirmed.

[¶18.] GILBERTSON, Chief Justice, and ZINTER and JENSEN, Justices, concur.

[¶19.] KERN, Justice, disqualified, did not participate.